IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Margarett A. Fields, | ) | Case No.: 11-06065-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| Margarett A. Fields, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 12-00122 |
| | ) | |
| Buy George Auto Sales, Inc.; and | ) | |
| Rapid Financing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are the Objection to Claim #10 and Adversary Complaint filed on August 24, 2012, by the plaintiff-debtor; and a Motion to Dismiss filed on September 18, 2012, by defendant Buy George Auto Sales, Inc. After notice, a hearing was held on November 28, 2012. Appearing were Wilson Webb, the attorney for the plaintiff-debtor; Michael G. Trucks, the attorney for defendant Rapid Financing, Inc.; and Mary Frances Fallaw for the Chapter 13 Trustee. The matters were submitted on the arguments of counsel and the pleadings.

**I. Background**

The debtor filed the pending Chapter 13 case on December 20, 2011. Rapid Financing, Inc, a business associated with the other defendant Buy George Auto Sales, Inc. filed Claim No. 10 on June 8, 2012, for $8,681.10. The Debtor filed an Objection to Claim #10 and an Adversary Complaint against Buy George and Rapid Financing (now A.P. No. 12-00122) on August 24, 2012. She contended that the claim should not be paid and that the Defendants owed her damages for violating the Truth in Lending Act and for negligent or wanton conduct.

The Defendants filed the pending Motion to Dismiss on September 12, 2012 (Docket No. 3) seeking dismissal of the Debtor-Plaintiff's complaint. The Defendants contend that because the Debtor did not list the complaint's stated causes of action in the petition she filed in this Court, (which is not disputed), the Debtor is barred from prosecuting those claims now.

The evidence includes: the pleadings; the Unsworn Declaration of Margarett A. Fields (Docket No. 7, filed October 15, 2012); the Affidavit in Response to the Unsworn Declaration of Margaret [sic] A. Fields (Docket No. 8, filed October 23, 2012); and the Affidavit of Margarett A. Fields (Docket No. 9, filed November 13, 2012).

## II. The Facts

When the Debtor filed this case on December 20, 2011, she did not list any cause of action against the Defendants. The Debtor's proposed plan was confirmed on February 6, 2012. The Defendants filed their Motion to Dismiss on September 12, 2012. The Debtor then amended her "Statement of Affairs" on October 17, 2012, to include her TILA and other claims against the Defendants.

## III. Issue

The issue is whether the Debtor is barred by judicial estoppel from asserting her claims against the Defendants.

## IV. Conclusions of Law

### A. Applicable Law

As identified in Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir.2010):

> The seminal case in the Eleventh Circuit on the theory of judicial estoppel is Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002). Incorporating the standards enumerated by the Supreme Court, Burnes outlined two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id. at 1285. Burnes recognized that these factors are not exhaustive; rather, courts must always give due consideration to the circumstances of the particular case. See id.

Id. at 1273.

The opinion in Ajaka v. BrooksAmerica Mortgage Corp., 453 F.3d 1339, 1344 (11th Cir.2006), a case involving a TILA claim, explains:

> Judicial estoppel, also sometimes referred to as "equitable estoppel," is an equitable doctrine invoked at a court's discretion. New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

2

> Under this doctrine, a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. [It] is an equitable concept intended to prevent the perversion of the judicial process." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir.2002) (citation and internal quotation marks omitted). Judicial estoppel is intended to be a flexible rule in which courts must "take into account all of the circumstances of each case in making our determination." See Palmer & Cay, Inc. v. Marsh & McLennan Cos., 404 F.3d 1297, 1307 n. 17 (11th Cir.2005).
>
> Although not inflexible or exhaustive, we begin with a consideration of two primary factors in determining whether to apply judicial estoppel. "First, the allegedly inconsistent positions must have been taken under oath in a prior proceeding, and second, they must have been calculated to make a mockery of the judicial system." Id. (internal quotation marks omitted).

Id. at 1333-34.

## B. Application of the Law to the Facts

The current case is similar to Ajaka. The Eleventh Circuit discussed that case in Waldron v. Brown (In re Waldron), 536 F.3d 1239 (11th Cir.2008). It wrote:

> More recently, we concluded that a debtor had a duty to amend his schedule of assets to disclose a complaint that he filed after his plan to pay his creditors had been confirmed. Ajaka v. BrooksAmerica Mortgage Corp., 453 F.3d 1339, 1344 (11th Cir.2006). After Temidayo Ajaka borrowed from BrooksAmerica $35,000 secured by a second mortgage on his primary residence, he filed a petition under Chapter 13. Id. at 1342. "**There [was] no dispute that at the time he filed for bankruptcy,**" and "**at the time the plan was confirmed, Ajaka was not aware of his potential ... claim**." Id. About one month later, Ajaka met with an attorney who told Ajaka that he may have a viable claim under the Truth In Lending Act, 15 U.S.C. §§ 1601-1615, and that Ajaka "**would need to disclose his TILA claim as an asset in the bankruptcy proceeding**." Ajaka, 453 F.3d at 1342. Ajaka later filed a complaint against BrooksAmerica, but he waited two months to amend his schedule to add the claim for relief as an asset. Id. at 1343. We considered whether Ajaka was estopped from asserting his complaint against BrooksAmerica and concluded that he had "**failed to timely amend his Chapter 13 reorganization plan to reflect his contingent TILA claim, and ... he therefore 'took inconsistent positions ... under oath in a prior proceeding.**'" Id. at 1344 (second omission in original). We stated that Ajaka had a continuing duty to disclose changes in his financial situation and an amendment was the vehicle for that disclosure. Id.

3

Id. at 1244-45 (emphasis in original). In this light, the Court has applied the Eleventh Circuit two-part test.

### 1. Inconsistent Positions Under Oath

There is no evidence that the Debtor was aware of her claims against the Defendants at the time she filed her bankruptcy case.[1] There is evidence that some time after she filed her case, she learned of those causes of action. Consequently, like the debtor in Ajaka, this Debtor was required to amend her causes of action as assets of her bankruptcy estate. Consequently when the Debtor filed her complaint against the Defendant, her action was an inconsistent position. Both were taken under oath. Consequently, the Court finds that the first part of the Eleventh Circuit's two-part test is satisfied.[2]

### 2. Calculated to Make a Mockery of the Judicial System

Again in Waldron, the court stated, "We did not affirm the application of judicial estoppel because an issue of material fact existed about whether Ajaka intended to manipulate the judicial system. Id. at 1345-46." Waldron v. Brown (In re Waldron), 536 F.3d 1239, 1245 (11th Cir.2008). Again, the same is true here.

There is no evidence that the Debtor intended to mock the judicial system. There is no evidence that she tried to hide her action until after her bankruptcy and ambush the Defendant later. And the Debtor has amended her schedules to reflect the cause of action. Consequently, the Court finds that the second part of the Eleventh Circuit's two-part test is not satisfied.

### V. Conclusions

The holding here should be similar to the ones in Ajaka and Waldron. The Debtor was required to amend her schedules to reflect the asset she claims as a cause of action against the Defendant, which she did. If the Debtor has not sought to modify her confirmed plan to propose a treatment of this asset under her plan, she must do so also.

---

[1] Given the technical and complex nature of TILA claims, it is difficult to imagine any financially untrained debtor recognizing a TILA claim without the help of an attorney or financial advisor.

[2] The Court has not addressed the issue of whether the filing of a complaint in the court where the petition was filed qualifies as occurring in a "different" proceeding.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: March 19, 2013                    /s/Benjamin Cohen
                                          BENJAMIN COHEN
                                          United States Bankruptcy Judge


BC:pb

5